PER CURIAM.
Carol Lester appeals from a post-dissolution “Order on Trust Proceeds,” which awarded her net proceeds from three lawsuits she was involved in with her former husband, Irving Lester, prior to their dissolution of marriage. She claims that the trial court erred by allowing her' former husband to deduct $135,000 from the net proceeds before calculating her half interest. We agree. In his cross-appeal, the former husband challenges two other aspects of the order. The former wife concedes error with respect to one of the issues on cross-appeal and also agrees that the other issue should be remanded for the trial court’s consideration.
At the time of their dissolution, the parties agreed to a final judgment that resolved all pending issues between them, including a litigation matter that had been settled prior to dissolution, and also provided for the future handling of two litigation matters that had not yet been resolved. With respect to the settled matter, the parties agreed to pay a substantial sum of money to an entity referred to as “DPI.” The final judgment recites- that the agreed sum had been partially paid using profits from a sale of stock, and prospectively required joint payment of the remaining DPI debt. As for the pending litigation, the final judgment stated that the parties would “be equally responsible for any indebtedness associated with such lawsuits and equally benefit therefrom, as the case may be.”
Settlement of one of the remaining matters resulted in a payment to the parties totaling $710,118.89. Settlement of the other matter resulted in a lesser debt. Before distributing the former wife’s net share of the settlement proceeds to her, the former husband properly subtracted all post-dissolution payments required to satisfy the remaining DPI debt (as authorized by the final judgment), subtracted the post-dissolution payment for the post-dissolution settlement (as authorized by the final judgment), and subtracted other litigation costs also authorized by the final judgment. These deductions are not disputed. However, the former husband also subtracted an additional $135,000, which was the amount paid pre-dissolution to partially satisfy the DPI debt.
*246 We agree with the former wife that the trial court erred in allowing the former husband to subtract this $135,000 payment from the post-dissolution settlement proceeds before calculating her one-half share. The $135,000 was clearly paid pre-dissolution to satisfy a marital debt, and the agreement simply cannot be read as allowing the former husband any additional post-dissolution adjustment for this payment.
With respect to the issues on cross-appeal, the parties agree that the trial court overlooked $2,354.87 in attorney’s fees that should have been subtracted from the settlement proceeds before distribution of the balance. The parties also agree that the trial court’s order does not reflect any ruling on another issue relating to a $25,000 payment made to the former wife by the purchaser of the marital home. The former wife argues that the money was a personal loan to her, that in no way affects the former husband. The former husband argues that the money should be considered as additional proceeds from the sale of the marital home, and that he is entitled to half of the $25,000 (or, an additional $12,500). Although the trial court heard testimony and argument as to this issue, the order does not contain any ruling on the matter.
Therefore, we reverse the matter on appeal and remand with instructions that the trial court recalculate the amount due the former wife from the net settlement proceeds: (1) with no subtraction from the settlement proceeds for the December 11, 2000 payment of $135,000; (2) with a subtraction from the proceeds for an additional $2,354.87 in attorney’s fees; and (3) with any additional adjustment necessitated by the trial court’s ultimate ruling on the proper characterization of the $25,000 payment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ORFINGER, TORPY and LAWSON, JJ., concur.